IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Sherman Antonio Davis, #41738,<br><br>   Plaintiff,<br><br>vs.<br><br>Officer Griggs and Officer Richmond,<br><br>   Defendants. | Civil Action No. 6:07-4042-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights were violated by the defendants while he was a detainee at the Lexington County Detention Center ("the detention center"). Specifically, he claims the defendant officers broke his arm.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On February 12, 2008, the plaintiff filed a motion asking the court order "that the officers . . . involved in my lawsuit . . . [are] not able to work around me at all while I am in custody in Lexington County Detention Center." The court has construed the request as a motion for preliminary injunction. The defendant officers oppose the motion, arguing that the plaintiff has not met his burden of establishing the necessary elements for a preliminary injunction to be granted. This court agrees.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

>   (a)   The plaintiff's likelihood of success in the underlying dispute between the parties;
>
>   (b)   whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
>   (c)   the injury to the defendant if the injunction is issued; and
>
>   (d)   the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

In support of his claim, the plaintiff states only that he does not "feel safe." As argued by the defendants, the plaintiff has made only conclusory allegations of some perceived, yet unsubstantiated, danger posed by the defendants. As he has not made the required showing, the plaintiff's request for injunctive relief (doc. no. 14) should be denied.

IT IS SO ORDERED.

>   s/William M. Catoe
>   United States Magistrate Judge

February 14, 2008
Greenville, South Carolina